UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80091-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERNEST EARL ERBE, JR. a/k/a
RICHARD ALLEN DIXON

        Defendant.

_____/



## REPORT AND RECOMMENDATION

THIS CAUSE before the Court on general Order of Reference from United States District Court Judge Daniel T.K. Hurley for disposition and/or report and recommendation of all pending pretrial criminal motions. Before the Court is the Defendant's Motion to Dismiss Indictment (DE 21), filed on July 13, 2006. The Government filed a response (DE 23) to this motion on July 24, 2006. This matter is now ripe for review.

### Procedural History

The Defendant was indicted on June 8, 2006 (DE 8) with: count one - knowingly making and causing to be made one or more false statements and reports for the purpose of influencing the actions of a financial institution [Bay Financial Savings Bank], in violation of 18 U.S.C. §§ 1014 and 2; count two - knowingly making and causing to be made one or more false statements and reports for the purpose of influencing the actions of a financial institution [Wachovia Bank, N.A.], in violation of 18 U.S.C. §§ 1014 and 2; count three - knowingly making and causing to be made one or more false statements and

reports for the purpose of influencing the actions of a financial institution [Bay Financial Savings Bank], in violation of 18 U.S.C. §§ 1014 and 2; and count four - willfully, knowingly, and with the intent to deceive, use a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished to the Commissioner of Social Security, in violation of 42 U.S.C. § 408(a)(7)(A). The Defendant was released on bond and is awaiting trial. On July 13, 2006 the Defendant filed a Motion to Dismiss the Indictment, and on July 24, 2006 the Government responded. This Court now addresses the Defendant's Motion to Dismiss.

## Defendant's Written Motion to Dismiss

The Defendant moves this Court to dismiss the June 8, 2006 indictment brought against him as he maintains that it violates the Due Process Clause of the United States Constitution and FED R. CRIM. P. 12. In support of this, the Defendant argues the indictment is defective for the following reasons: (1) counts one through three fail to allege what false statements were actually made on or about April 14, 2004; (2) counts one through three fail to allege materiality; and (3) count four fails to state an essential element of the crime alleged.

According to the Defendant, counts one through three of the indictment accuse him of making and causing to be made "false statements and reports for the purpose of influencing the actions a financial institution. . ." The Defendant challenges the sufficiency of the language in these counts. The Defendant argues that counts one through three do not specify the contents of the false statements and reports which he allegedly made on or about April 14, 2004. In support of this, the Defendant avers that it is not enough that the indictment simply contains the elements of the crime. Instead, says the Defendant,

2

"the indictment must also sufficiently apprise [a] defendant of what he must be prepared to meet." The Defendant further states that under the present indictment, "[he] could be prosecuted with a few of the many statements and, upon acquittal, be prosecuted again for the remaining statements or other statements not cataloged in the complaint." The Defendant cites to Eleventh Circuit precedent, <u>United States v. Bobo</u>, as controlling case law regarding the aforementioned issue.

The Defendant also argues that counts one through three of the indictment are defective as they fail to allege "materiality." The Defendant states that "the essential elements of a violation of § 1014 include materiality of the statement." The Defendant cites to two cases to substantiate this assertion.

Finally, the Defendant alleges that count four is fatally defective because it fails to state an essential element of the crime charged. In doing so, the Defendant maintains that the indictment does not allege "the purpose" for which the social security card in question was used. To support this, the Defendant quotes the plain text of 42 U.S.C. § 408 and notes that the Government only makes reference to a portion of the statute in the indictment, leaving out the element of "purpose." The Defendant further argues that the omission of purpose "is not trivial since the facts will show that [he] did not apply for or receive any social security benefit."

The Government's Response

The Government maintains that the indictment against the Defendant is legally sufficient. With respect to the Defendant's first claim, the Government argues that the indictment tracks the language of the statute charged, and the statute unambiguously sets

out all the elements necessary to constitute the offense.[1]  In doing so, the Government cites to Eleventh Circuit precedent which holds that an indictment is sufficient if it sets forth the offense using the language of the applicable statute and the words of the statute "fully, directly and expressly, without any uncertainty or ambiguity" set forth all the elements of the offense.

In response to the Defendant's second claim, the Government submits that to prove a violation of 18 U.S.C. §1014, it is not necessary to show that the statement alleged was "material." In support of this, the Government refers to Wells, a Supreme Court case which addresses the issue of "materiality" as it applies to 18 U.S.C. §1014. The Government maintains that Wells is controlling and holds that § 1014 does not require proof of materiality.

Last, the Government submits that count four of the indictment is legally sufficient. The Government argues that 42 U.S.C. §408(a)(7)(A) expressly states that it is a violation of the statute to use a social security number on the basis of false information furnished to the Commissioner of Social Security for the purpose of obtain something of value from any person.  The Government contends that a bank loan is something of value from another person, therefore the statutory requirements are sufficient in the indictment. Additionally, the Government argues that 42 U.S.C. §408(a)(7)(A) has a "catch all provision," which would necessarily include the use of a fraudulently obtained social security number used to obtain a bank loan. Accordingly, the Government submits that

---

[1] The Government's response contains a footnote that states, "To assist defense counsel, the United States will voluntarily provide a Bill of Particulars to clarify which statements it contends are false."

Defendant's Motion to Dismiss the count four of the indictment should be denied.

## Discussion

A. <u>Failure to Allege What False Statements Were Actually Made</u>

Pursuant to 18 U.S.C. § 1014, it is a crime to knowingly make any false statement or report for the purpose of influencing the actions of a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation. <u>United States v. Thorn</u>, 17 F.3d 325, 327 (11th Cir. 1994); <u>United States v. Bonnette</u>, 663 F.2d 495, 497 (5th Cir. 1981). Motions to dismiss an indictment filed under § 1014 are commonly addressed by the Courts. <u>Id</u>. <u>see also</u> <u>United States v. Hord</u>, 6 F.3d 276, 283-284 (5th Cir. 1993); <u>United States v. Whaley</u>, 786 F.2d 1229 (4th Cir. 1986).

Here, the Defendant argues that the indictment is invalid as it fails to specify the contents of the false statements and reports which he allegedly made on April 14, 2006. The Eleventh Circuit provides little insight regarding the issue presented by the Defendant, and our sister circuits offer conflicting guidance. <u>United States v. Ryan</u>, 828 F.2d 1010 (3d. Cir. 1987); <u>United States v. Oberski</u>, 734 F.2d 1034, 35 (5th Cir. 1984); <u>United States v. Reeves</u>, 674 F.2d 739, 746 (8th Cir. 1982).

In <u>Ryan</u> and <u>Slawik</u> the Third Circuit notes that "a [false statements]. . . conviction may not stand where the indictment fails to set forth the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to determine its verity. . . " <u>Ryan</u>, 828 F.2d at 1017 (3d. Cir. 1987) <u>quoting</u> <u>United Sates v. Slawik</u>, 548 F.2d 75, 83-84 (3d. Cir. 1977). <u>see also</u> <u>United States v. Reilly</u>, 33 F.3d 1396, 1416-1417 (3d. Cir. 1994)(applying <u>Ryan</u> in a 18 U.S.C. § 1623 case).

The Fifth Circuit, however, has come to the opposite conclusion regarding this issue.

In <u>Oberski</u> the Fifth Circuit held, "This Court has expressly rejected the <u>Slawik</u> requirement that the indictment state the factual basis for the alleged false statements." <u>Oberski</u>, 734 F.2d at 1035. <u>see also</u> <u>United States v. Barnhart</u>, 889 F.2d 1374, 1377 (5th Cir. 1989). To reach this decision, the <u>Oberski</u> Court relied on <u>Crippen</u>, a 1978 Fifth Circuit case which stated, "It is not necessary for an indictment to. . . allege in detail the factual proof that will be relied on to support the [false statement] charges." <u>United States v. Crippen</u>, 579 F.2d 340, 342 (5th Cir. 1978). <u>Crippen</u> further noted that "Factual details, if essential to the defense, can be obtained in a motion for a Bill of Particulars. . . ." <u>Id</u>.

We are guided here by <u>Crippen</u> and it's progenies.[2] When applying <u>Crippen</u> to this case, the Government need not allege detailed factual proof of what will be relied on to support the charges in the indictment when such details can be obtained via a Motion for a Bill of Particulars. <u>Crippen</u>, 579 F.2d at 342. As previously noted, the Government has voluntarily offered to provide the Defendant with a Bill of Particulars in an attempt to cure the alleged defect in the indictment. This is consistent with the law set forth in <u>Crippen</u>, therefore, the Defendant's Motion to Dismiss the Indictment should be denied.

B. <u>Failure to Allege Materiality</u>

In <u>United States v. Wells</u> the Supreme Court addressed the issue of "materiality" as applicable to 18 U.S.C. § 1014. 519 U.S. 482 (1997). In it's decision, the Court determined that materiality was not an element of the statute. <u>Id</u>. To be sure, the Court expressly states, "18 U.S.C. § 1014 criminalizes knowingly making any false statement or

---

[2] Under <u>Bonner v. City of Pritchard</u>, the decisions of the Fifth Circuit, as that Court existed on September 30, 1981 and prior, shall be binding as precedent in the Eleventh Circuit. 661 F.2d 1206 (11th Cir. 1981).

6

report for the purpose of influencing in any way the action of a Federal Deposit Insurance Corporation insured bank upon any application, advance, commitment, or loan. *Nowhere does it further say that a material fact must be the subject of the false statement or so much as mention materiality.*" Id. (emphasis added).

Here, the Defendant fails to cite to the proper law in support of his assertion that the Government did not allege materiality. Instead of referring to the controlling Supreme Court case, Wells, the Defendant cites to a Third Circuit case for guidance. This is incorrect, and the Government properly notes that Wells does not require proof of materiality. The Defendant's failure to allege materiality argument is without merit and is therefore denied.

C. Failure to State an Essential Element of the Crime Charged Under 42 U.S.C. § 408

In ruling on a pre-trial motion to dismiss an indictment, the district court is bound by the four corners of the indictment. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). For an indictment to be valid, it must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet. United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003). If the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense with which he is charged. Russell v. United States, 369 U.S. 749, 763 (1962).

The Eleventh Circuit has held that "purpose" is an element of a § 408 offense. United States v. Harris, 376 F.3d 1282, 1291 (11th Cir. 2004) (stating that the elements of

a § 408 charge are: (1) false representation of a social security account number; (2) with the intent to deceive; (3) for any purpose). A plain reading of § 408 also makes it clear that "purpose" is part of the statute. The statute states, in relevant part,

> "Whoever, for the purpose of causing an
> increase in any payment authorized under
> this title. . ., or for the purpose of causing
> a payment under this title. . .to be
> made when no payment is authorized
> thereunder. . . or for any other purpose. . . ."

42 U.S.C. § 408(a)(7).

Here, count four of the indictment tracks some of the language of § 408 and charges the Defendant with "willfully. . .[using] a social security account number [obtained] on the basis of false information furnished to the Social Security Commissioner." However, the indictment does not contain the statutory language which sets forth the element of "purpose." This is statutorily deficient, as a valid indictment must contain the elements of the offense charged. Bobo, 344 F.3d at 1083. In it's response, the Government states, "The Defendant used the false Social Security Number to obtain a thing of value from another person, that is, a bank loan." The response illustrates that the Government is aware of the alleged "purpose" for which the social security number was used and made no attempt to incorporate this into the indictment. Accordingly, the Defendant's third claim in his Motion to Dismiss should be granted.

## RECOMMENDATION

Based on the foregoing discussion, this Court:

1)  RECOMMENDS to the District Court that the Defendant's Motion to Dismiss counts one through three of the Indictment be DENIED.

2)  RECOMMENDS to the District Court that the Defendant's Motion to Dismiss

counts one through three of the Indictment be DENIED.

3) RECOMMENDS to the District Court that the Defendant's Motion to Dismiss count four of the indictment be GRANTED without prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and ORDERED and DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this _11_ day of September 2006.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Daniel T. K. Hurley
AUSA Bruce E. Reinhart
Mel Black, Esq.